.JONATHAN ROBERTSON, appellant, *v.* EDWARD MARCH *et al.*, appellees.

*Appeal from Morgan.*

Where several persons sign a subscription paper payable to a portion of their number, as trustees, whereby each one agrees to pay the sum set opposite to his name, for the purpose of erecting a building, and the work is done by a mechanic, an action may be maintained by the trustees against any subscriber who neglects or refuses to pay his subscription.
Such contract is not joint, but several.

THIS cause was tried in the Morgan Circuit Court, at the March term, 1841, before the Hon. Samuel D. Lockwood and a jury.

J. J. HARDIN, D. A. SMITH, and M. MCCONNEL, for the appellant.

WM. BROWN and H. B. MCCLURE, for the appellees.

(1) 1 Stark. Ev. 80; 10 Johns. 478; 12 Mass. 163.

Robertson *v.* March *et al.*

TREAT, Justice, delivered the opinion of the Court:

This was an action instituted by the appellees against the appellant, before a justice of the peace of Morgan county. The justice gave judgment for the appellees, and Robertson prosecuted an appeal to the Circuit Court, where the cause was tried by a jury. The bill of exceptions shows that on the trial in the Circuit Court, the appellees, to support the action on their part, offered in evidence an instrument in writing, as follows: "On or before the first day of January, 1841, we, the undersigned, promise to pay the sum annexed to each of our names, to William Hodgson, A. G. Phillips, Watson Sinclair, Samuel Smith, and Edward March, trustees, in trust of the Bethel Society of the Methodist Episcopal Church, in Morgan county, Illinois, for the purpose of building an addition to, and finishing, the church at the Bethel camp ground, as a more comfortable and spacious place of worship, and a school. August 24th, 1840." Which instrument is signed by some sixty persons, with the sums by them severally subscribed written opposite their names, among them the appellant, subscribing $50. It appears that the appellees, to whom the subscription is payable, each signed the instrument as subscribers. It was admitted by the parties, that the instrument was executed by the appellant, without any consideration whatever, except what appears on its face, but was voluntary; and it was proved that the church mentioned in the instrument had been built since it was signed, and that the action was brought for the benefit of the mechanic who built the church. The appellant objected to the reading of the instrument in evidence, but the Court overruled the objection, and the paper was read to the jury. He then asked the Court to instruct the jury, first, "That as it is admitted by the plaintiffs, that the paper given in evidence was made and delivered without any good or valuable consideration, but was voluntary, they must find for the defendant;" and, secondly, "If the subscription paper given in evidence was made and delivered without any good or valuable consideration, they must find for the defendant;" which instructions the Court refused to give. The jury found a verdict for the appellees for $40, and judgment was rendered thereon.

Robertson brings the record into this Court, by appeal, and his assignments of error present the question as to his liability upon the instrument read in evidence. It is contended, by his counsel, that there was no sufficient consideration to support the promise. Without questioning the correctness of the doctrine that a mere gratuitous promise is a *nudum pactum* and not binding in law, it is necessary to enquire if the erection of the building, the object for which the subscription was made, does not fix his liability to the mechanic who performed the work? The intention of the subscribers, as shown by the agreement, was the erection of a building for a church and school; an object certainly laudable, and very likely to be beneficial to them. The subscribers, in making the

subscription payable to a part of their number, as trustees, evidently intended to confide to them the accomplishment of their common purpose; and we think it but a reasonable presumption, that these trustees employed the mechanic to erect the building, with the understanding that he should look solely to the obligation of the subscribers, for his compensation. In this state of the case, is the appellant liable?

In the case of Holmes *v.* Dana, (1) where sundry persons agreed to lend to the editors of a newspaper the sums set opposite to their signatures, the same to be paid to one of their number, as agent, and the agent advanced the money to the editors, on the ground of the subscription, it was held that he had a right of action against a subscriber who refused to pay the sum he had subscribed.

In the case of Farmington Academy *v.* Allen, (2) where several persons signed a paper, each agreeing to pay a certain sum for the establishment of an academy, one of the subscribers was held liable to the parties who had erected the academy, on the ground of money paid and laid out by them for his use.

And in the case of Bryant *v.* Goodnow, (3) the Court decides, that when one subscribes with others, a sum of money to carry on some common project, lawful in itself, and supposed to be beneficial to the projectors, and money is advanced on the faith of the subscription, an action for money paid, laid out, and expended, may be maintained, to recover the amount of the subscription, or such portion of it as will be equal to the subscribers' portion of the expense incurred.

These decisions seem to be directly applicable to the case before us. They proceed upon the principle, that a person making a promise upon the strength of which other persons advance money, or furnish labor or materials, is bound in good faith to fulfil the obligation. So it has been frequently decided, that if an individual agree, by parol, or otherwise, to accept a bill of exchange, either before or after it is drawn, and the bill is taken by a third person relying upon the promise, the promisor is bound, and cannot repudiate the faith he has pledged. (4)

This case is distinguished from the one of the County Commissioners of Randolph county *v.* Jones. (5) There the promise was to pay the commissioners to do an act which they were required by law to do; and the Court held the contract void as against public policy. Here, the law imposed no obligation upon any of the parties to do the act.

It is insisted that the contract is joint, and that all of the subscribers should have been sued. If this objection could be now made, it would not be well taken.

(1) 12 Mass. 190.        (2) 14 Mass. 172.
(3) 5 Pick. 228.        (4) 3 Kent's Com. 85.
(5) Breese 103.

The contract is manifestly in severalty. Each subscriber promises to pay a particular sum, and is not a surety for his co-subscribers.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*