———o———

EMPIRE TRANSPORTATION Co., Appellant *vs.* ANGELO BOGGIANO *et al.*, Respondent.

1. *Practice, civil, pleadings—Contracts—Counter-claims.*—If the suit is founded on a cause of action connected in any way with a contract, a counter-claim arising out of any other contracts between the same parties, though sounding in damages, may be set up.

*Appeal from St. Louis Circuit Court.*

*C. C. Whittelsey,* for Appellant.

The counter-claim was for unliquidated damages, and arose out of a cause of action, different from that set out in the petition. The provisions relating to counter-claim, must be construed in connection with the statute of set-off still in force. (W. S., 1273; *Id.* 1016, § 13; Berdell vs. Johnson, 18 Barb., 559; Vassear vs. Livingston, 3 Kern., 256; Xenia Bank vs. Lee, 7 Abb., Pr. (n. Y.,) 372; Johnson vs. Jones, 16 Mo., 494; State to use vs. Modrell, 15 Mo., 421; Mahon vs. Ross, 18 Mo., 121; Pratt vs. Menken, 18 Mo., 158; Brake vs. Corning, 19 Mo., 125.)

In an action for goods sold, defendant cannot counter-claim damages for fraud in the sale of other goods. (Berdell vs.

Johnson, 18 Barb. 559; Johnson vs. Strader, 3 Mo., 359, 366.)

*Cline, Jamison & Day,* for Respondents.

The defendant's counter-claim is based upon a breach of contract and is not an action of tort.

In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action may be the subject of a counter-claim. (W. S., 1016, § 13.) The cases in 19 Mo., 125; 15 Mo., 424, and 16 Mo., 494, cited by appellant all relate to set-off and were decided before the adoption of the present provisions in reference to counter-claims.

The counsel for appellant and respondent filed elaborate briefs, but as the other points were not touched upon in the decision they are necessarily ommitted here.

ADAMS, Judge, delivered the opinion of the court.

This was an action for freight and charges, amounting to three hundred and fifty three 10–100 dollars, on goods transported by the plaintiff as a common carrier from the City of New York to the City of St. Louis, and delivered to the defendants.

The defendants answered, and by way of counter-claim, set up gross and willful negligence of the plaintiff in the transportation of fruit, that had been delivered to plaintiff, and which plaintiff had agreed to transport and deliver to the defendants at St. Louis, and owing to delay and gross negligence the fruit was injured, and the defendants suffered loss by such injury, growing out of delay and the negligence of the plaintiff, in the sum of $463.

A replication was filed, denying the material allegations of the counter-claims. There was another counter-claim of the same nature set up, but the jury found for the plaintiff on the last counter-claim, and no question is raised here about the propriety of this finding.

The only material question is in regard to the counter-

claim of $463, which was allowed by the jury. It is urged here by the learned counsel for the appellant with much zeal and ability, that the negligence of a common carrier being a common law liability and the subject of an action for a tort, cannot be set up as a counter-claim under our practice act. Our statute is very broad and comprehensive in regard to counter-claims. It is provided by Section 13, 2 W. S., 1016, that " in an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action" may be set up as a counter-claim. Although the plaintiff's liability in this case is for a tort growing out of the negligence and delay as a common carrier in the transportation of the defendant's goods, the cause of action so far as the defendant is concerned arises out of the contract of affreightment, and hence in declaring at common law for the tort, the contract was always alleged in the declaration by way of inducement. . So under our statute the contract must be alleged as the inducement to the cause of action, and as showing the parties' connection with the case. In this light the contract is looked to as the origin of the cause of action. The statute contemplated, that where a suit is founded on a cause of action connected in any manner with a contract, a counter-claim arising out of any other contract, between the same parties may be set up. The old doctrine of set-offs has no analogy to counter-claims of this nature under our Statutes. Under the old system, set-offs sounding in damages for breaches of contract were not allowed, but this objection cannot be maintained in regard to counterclaims under our present code of practice. It is sufficient if the defendant's right to the damages relied on as a counterclaim grows out of a contract, between him and the plaintiff.

The instructions given on both sides fairly presented the case to the jury, and I see no reason for disturbing the judgment.

Judgment affirmed. Judge Sherwood absent. The other Judges concur.