THE SCARRITT ESTATE COMPANY, Respondent, v. J. F. SCHMELZER & SONS ARMS COMPANY, Appellant.

Kansas City Court of Appeals, March 27, 1905.

1. PLEADING: Counterclaim: Assigned Account: Statute. Under the statute a counterclaim is one existing in favor of the defendant and against the plaintiff, and in an action on an assigned account for rent damages caused the tenant by delay of the assignor in making certain alterations and repairs, while giving a right of action against the assignor, do not constitute a counterclaim against the assignee.

2. SET-OFF: Statute: Assigned Account: Liquidated Debt: Counterclaim. A demand in the nature of a debt must be liquidated before it can be set off against an action on an account; otherwise set-off would include counterclaim which is not permitted in this State.

3. ——: ——: ——: ——: **Other Defenses.** In an action on an account for rent demands for damage to goods by reason of improper repairs and for guard hire are not such defenses as are included under the term "other defenses" used in the set-off statute, which term is restrictive and means a defense to the demand itself and not a set-off nor a counterclaim.

4. ——: ——: ——: ——: ——. In an action for an assigned account for rent, claims for gas and water furnished by the tenant to the assignor while making certain repairs, are not proper set-offs unless they have been liquidated, that is, ascertained debts as to the amounts.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Harkless, Crysler & Histed* for appellant.

(1) The court erred in denying the defendant's right to prove its counterclaim and set-off by way of defense to the plaintiff's cause of action. Gen. Stat. 1899, secs. 895, 4488; Lowrey v. Danforth, 95 Mo. App. 441; Trowein v. Calvird, 75 Mo. App. 570; Barber v. Baker, 70 Mo. App. 680; Bobb v. Taylor, 56 Mo. 311; Archer v. Ins. Co., 43 Mo. 434; Skinner v. Smith, 48 Mo. App. 91. (2) The assignee of a non-negotiable instrument or chose in action, stands, for the purpose of enforcing a claim, exactly in the shoes of the assignor. See authorities above cited. (3) If this suit had been instituted by the Nathan Scarritt estate for the recovery of the rent, unquestionably the defendant would have been entitled to interpose these defenses. See cases cited. Miller v. Crigler, 83 Mo. App. 395. (4) The court accordingly erred in directing a verdict for the plaintiff in the case.

*Scarritt, Griffith & Jones* for respondent.

(1) The several counts of defendant's answer which seek affirmative relief are counterclaims. It is said in Emery v. Railroad, 77 Mo. 350: "Neither can the true

character of the cross demand be changed by defendant declining to ask judgment for any possible excess in his favor." (2) As counterclaims defendant's answers are not maintainable. R. S. 1899, sec. 605. (3) Defendant's answers are not sustainable as set-offs. R. S. 1899, secs. 4487, 4488. . (a) Under the issues framed upon the answer these demands are not set-offs, but are independent actions or counterclaims, aggregating five times the amount claimed in the petition. And they are pleaded as such. (b) They are unliquidated demands and as such are not allowable as set-offs. May v. Kellar, 1 Mo. App. 385; Brake v. Corning, 19 Mo. 125; Martin v. Ross, 18 Mo. 121; Pratt v. Menkens, 18 Mo. 158; Johnson v. Jones, 16 Mo. 494; State v. Mordell, 15 Mo. 421; Hembrock v. Stark, 53 Mo. 588; McAdow v. Ross, 53 Mo. 199; Zelle v. Sav. Inst., 4 Mo. App. 401; State ex rel. v. Eldridge, 65 Mo. 586; Frowein v. Calvird, 75 Mo. App. 572. (c) Defendant's claims are not alleged to have existed in favor of the defendant at the time this suit was commenced. Reppy v. Reppy, 46 Mo. 571; Todd v. Crutsinger, 30 Mo. App. 145; Skaggs v. Given, 29 Mo. App. 612; Henry v. Butler, 32 Conn. 146; Ellis v. Cathorn, 117 Ill. 458; Lanitz v. King, 93 Mo. 513; Beckman v. Ins. Co., 49 Mo. App. 604; Harrison v. Railroad, 50 Mo. App. 332; Mfg. Co. v. Jones, 60 Mo. App. 219; Story v. Ins. Co., 61 Mo. App. 534; Rogers v. McCraw, 61 Mo. App. 407; Minor v. Coal Co., 25 Mo. App. 78. (4) No one of the counts of defendant's answer state a cause of action against the plaintiff. Boeckler v. Railroad, 10 Mo. App. 448; Clark v. Iron Co., 9 Mo. App. 446; Weber v. Squier, 51 Mo. App. 601; Russell v. Railroad, 83 Mo. 507.

BROADDUS, P. J.—The plaintiff sues defendant on an assigned account for one month's rent for the use of a certain building in Kansas City, Missouri. The answer admits the indebtedness and sets up as defenses various claims as set-offs and counterclaims. It

alleges that on or about the 17th day of February, 1903, it entered into a contract in writing with the Nathan Scarritt estate, which was transferred to and assumed by plaintiff as a part of the assets of said estate, and the performance of which the plaintiff guaranteed and assumed to carry out; that said contract provided for alterations and betterments of the rented premises, which defendant occupied as a general store; that it was agreed in said contract that the work provided for should be carried on and prosecuted with reference to the convenience of defendant in conducting its business so far as it could be reasonably done, which alterations were to be made under certain specifications, one of which was as follows, to-wit: "Sky lights, roof conductors and metal work around outside of third story to be put in good condition," etc.

It is alleged that the work was performed in an unworkmanlike manner and left in bad condition; that by reason thereof the water that fell upon the roof of the building overflowed said conductors, which were insufficient to carry it off, and ran down the walls of the building, causing them to become damp, thereby damaging defendant's goods in said store to the amount of $500. The second count is a claim for water furnished in and about the construction of said work, which it is alleged was used by plaintiff's assignor, and for which it was plaintiff's duty to pay defendant. The amount claimed is $75. The third count is for gas used during the construction of the alterations, furnished to said assignor and to plaintiff. Amount claimed, $92. The fourth charges that by reason of the unnecessary delay of the work, during which time the building and goods' therein were left exposed, and in consequence of such delay plaintiff was compelled to hire a guard to protect them at a cost of $405. The fifth count is for injury to defendant's business caused by unnecessary delay in the work of alterations. The amount claimed being $1,000.

On the trial defendant introduced the contract mentioned. C. J. Schmelzer testified that he had heard in court on that day for the first time that the Scarritt Estate Company, plaintiff's assignor, unincorporated, had anything to do with the transaction; that the repairs and alterations were made under said written contract with said assignor. He was then asked to describe the character of the building, etc., whereupon plaintiff's counsel objected to the question on the ground that it was "incompetent, irrelevant and immaterial under the pleadings," and insisted that defendant "should first show an assumption of the contract by plaintiff." The defendant's counsel then stated: "Defendant desires to state to the court and counsel that the defense offered under this answer will be limited to a defense against plaintiff's action. We will not insist, even though we might do so for any judgment over and against, but simply rest on the proposition of attempting to defeat plaintiff's cause of action." Thereupon the court refused to permit defendant to proceed further until it showed that plaintiff had assumed the contract read in evidence. At this stage of the case plaintiff was permitted to introduce the certificate of its incorporation. After the introduction of the certificate mentioned, defendant's counsel stated: "I now desire to offer testimony to sustain all of the claims set up in the counterclaim for the sole purpose of showing that we do not owe that amount sued for by plaintiff, independent of any question of assumption." The court refused to permit defendant to introduce its proposed testimony. The court instructed the jury to find for plaintiff. Accordingly, a verdict was returned for plaintiff for its demand, and judgment rendered thereon; from which defendant appealed.

The defendant's theory of the case is that under the allegations of the petition, independent of the alleged assumption of the contract in evidence, the de-

fendant's claims were set-offs and counterclaims, and as such were defenses to plaintiff's demands. The demands set up in the first, fourth and fifth counts of defendant's answer were in the nature of counterclaims. Section 605 of the code, Revised Statutes 1899, defines that a counterclaim "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action. Second, in an action arising on contract, any other action arising also on contract and existing at the commencement of the action." Two of these demands are for damages caused by the delay of plaintiff's assignor in completing its contract with defendant for alterations and repairs of the building in question. It is true that they did not arise out of the contract in suit to pay rent, but they arose out of the contract for alterations and repairs, which gave defendant a right of action against plaintiff's assignor under the second subdivision of said section. [Green v. Conrad, 114 Mo. 667.] But being a counterclaim it is not available as such because it did not exist in favor of defendant against the plaintiff. The language of the section is that a counterclaim "must be one existing in favor of the defendant and against plaintiff."

But if we understand defendant correctly, it insists that all the demands set up are available as set-offs against plaintiff's cause of action. Section 4487, Revised Statutes 1899, is as follows: "If any two or more persons are mutually indebted in any manner whatsoever, and one of them commence an action against the other, one debt may be set off against the other, although such debts are of a different nature." Section 4488 reads: "In actions on assigned accounts and non-negotiable instruments, the defendant shall be

allowed every just set-off or other defense which existed in his favor at the time of his being notified of such assignment.''

In order to constitute a set-off the demand must be in the nature of a debt. [Waterman on Set-off, sec. 133.] And the term ''debt'' as defined by most of the appellate courts of the country, does not include a claim for unliquidated damages. [69 Fed. R. 745-746; In re Adams (N. Y.), 12 Daly 454; Watson v. McNany, 4 Bibb. (Ky.) 356; Lindsay v. King, 23 N. C. 401; Dowling v. Stewart, 4 Ill. 193; Baum v. Tonkin, 110 Pa. 569; Powell v. Railroad, 36 Fed. R. 726.] There are some courts that give the word a more extended meaning, but there can be no question that when applied to the statute in question it was not intended to include other than liquidated demands; otherwise, it would also include in some instances counterclaims, which would have the effect of confounding the statutes pertaining to these two classes of demands. Under the statutes a set-off cannot be a counterclaim, nor vice versa. The courts of this State have recognized the distinction between set-off and counterclaim. [Empire Co. v. Boggiano, 52 Mo. 294; McAdow v. Ross, 53 Mo. 199; Emery v. Railroad, 77 Mo. 341.]

But defendant's contention is that although its demands do not constitute set-off, as provided in section 4487, supra, they are made available as a defense under section 4488, supra. That the words ''or other defenses'' includes such claims, and cites in support of its contention Lowrey v. Danforth, 95 Mo. App. 441. There the defense was a plea that the note sued on had been released. It will be seen that the ruling there does not support defendant's views. The defense interposed was to the note itself, not an independent, unliquidated demand. And the term ''or other defense'' is used in a restrictive sense; it must be a defense to the demand itself, not a set-off nor a counterclaim. And as the first, fourth and fifth counts of the answer are

not defenses against the account sued on, they are not such defenses as the section contemplated; and that they do not constitute set-off is too plain for discussion.

It is insisted that in any event the claims for gas and water furnished to plaintiff's assignor were liquidated demands, and as such were set-offs. The statute provides that one debt may be set off against another. We have already seen that a debt means a liquidated demand. The plaintiff claims if they were not liquidated demands, they were not the objects for set-off. Bouvier's law dictionary defines "liquidated" as that which is made clearly manifest, as liquidated damages, ascertained damages, liquidated debts, ascertained debts as to the amount. A claim is liquidated when the amount due is fixed by law, or has been ascertained and fixed by the parties. [Railroad v. Mills (Col.), 69 Pac. Rep. 317; Commercial Assurance Co. v. Myer, 9 Tex. Civ. App. 7; Mitchell v. Addison, 20 Ga. 50; Kennedy v. Queen's County, 62 N. Y. Supp. 276.] The authorities are too numerous to mention. It follows, therefore, that defendant's claims not being for a debt within the meaning of the statute, and not being a defense to the account itself, they were not proper subjects of set-off.

With this view of the case, it follows that the judgment of the court was proper. It is, therefore, affirmed. All concur.