ADAM BECRAFT, Appellant, v. GEORGE M. GRIST, Respondent.

**Kansas City Court of Appeals, January 30, 1893.**

1. **Deceit:** REPRESENTATION OF VENDOR: ACTION. There are three phases in which a case of false representations may appear: *First,* the vendee may be induced to make a purchase relying solely and alone on the false representations of the vendor; *second,* he may be induced to make the investment by the combined false representations of the vendor and certain information received from some other source; or, *third,* although the vendor may have made such false statements, yet the vendee may not trust them and may act alone from information received from such other sources. In the *first* and *second* cases, the vendee is entitled to his action; in the *third* he is not so entitled.

2. **Instructions:** PARTY'S RIGHT TO WHAT KIND. The litigant is entitled to go to the jury on clear and unambiguous declarations of the law, and if he asks such instructions they ought to be given.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Edward Higbee,* for appellant.

(1) The court erred in refusing instructions 3 and 4 prayed by plaintiff. The land was in a distant state; the representations were for that reason warranties. *Shinnabarger v. Shelton,* 41 Mo. App. 157; Cooley on Torts, 487, 488; *McBeth v. Craddock,* 28 Mo. App. 380, 397. Defendant's false representations need not have been the sole inducement; it is enough if they were a cause—if they operated with other causes to induce plaintiff to make the purchase. *Cahn v. Reid,* 18 Mo. App. 116, 127; *Saunders v. McClintock,* 46 Mo. App. 216, 223. (2) Defendant's fifth instruction was for the same reason erroneous and misleading. *Leeser v.*

*Boekhoff*, 33 Mo. App. 223, 237; *Weil v. Schwartz*, 21 Mo. App. 372; *State v. Sivils*, 105 Mo. 530, 534; *State v. Smith*, 53 Mo. 267; *Jones v. Jones*, 57 Mo. 138.

*Shelton & Dysart*, for respondent.

The refusal of defendant's instructions 3 and 4 was proper. He is not, by their refusal as he contends, denied the benefit of the doctrine that if defendant's misrepresentations in any way contributed as an inducement to plaintiff to make the trade, he is liable, because instructions 1 and 2, given at plaintiff's request, declare exactly the same doctrine. Number 1 reads, "and that plaintiff relied upon said representations believing them to be true and parted with his property." Number 2 reads, "and Becraft traded on the faith thereof," that is, defendant's alleged false and fraudulent representations, in neither case placing defendant's liability upon the fact that plaintiff must have relied solely upon his deceit; hence, plaintiff's refused instructions were mere repetitions or amplifications of a principle clearly presented to the jury in instructions 1 and 2. The case of *Cahn v. Reid*, 18 Mo. App. 115, does not sustain appellant's contention here. *Dunn v. White, Adm'r*, 63 Mo. 181, 186; *Anderson v. McPike*, 86 Mo. 293, 300; Bigelow on Fraud, p. 87. Defendant's fifth instruction neither by its language nor by implication tells the jury to find that plaintiff relied solely upon information obtained from sources other than defendant. It is simply a plain and concise enunciation of the converse of the proposition given to the jury in numbers 1 and 2 given at plaintiff's instance. Appellant's criticism is purely fanciful.

GILL, J.—Plaintiff's action is one for damages, growing out of a trade involving certain lands in Rio

Grande county, Colorado, charging false and fraudulent representations, upon which plaintiff relied, in the particulars following, to-wit: *First*, as to the distance from the lands in question to the towns of Monte Vista, Alamosa and Parma. *Second*, as to the crop of wheat grown on the land for the year 1890, one-half of which plaintiff claims was to pass to him in the trade. *Third*, as to size and character of the dwelling-house on the land. As to the first complaint damages are laid at $800, second at $250, third at $150. Defendant's answer is first a general denial, and further answering pleads information sought and obtained by plaintiff from sources other than defendant; as to every ground of complaint made by plaintiff, and upon the information so obtained, plaintiff relied alone in making the purchase, and not upon any representation made by the defendant. There was evidence at the trial tending to support either side; there was a verdict and judgment for defendant and plaintiff appealed.

A decision of this appeal rests upon the court's action in the matter of instructions to the jury. There was evidence tending to prove that plaintiff may have acquired information as to the nature and situation of the Colorado farm, both from the defendant's statements to him and from letters written by parties residing in Colorado and near the property. Among others, the plaintiff asked an instruction to the effect that, if plaintiff was induced to make the land purchase through and by both the false and fraudulent representations of defendant and such information as he may have obtained from other sources, even then the plaintiff ought to recover. But the court declined to give this instruction, and gave at defendant's request the following: "5. If the jury believe from the evidence that Becraft sought information from other sources than defendant, by correspondence or otherwise,

and relied upon that, then the jury should find for the defendant.'' It is, however, only fair to say that the court gave for plaintiff an instruction to the effect that if defendant made false representations to plaintiff (as to the matters complained of), ''and that plaintiff relied upon said representations, believing them to be true,'' and on that account parted with his money, etc., then plaintiff should recover.

Now there are three phases in which a case of false representations may appear: *First*, the vendee may be induced to make a purchase relying *solely and alone* on the false representations of the vendor; *second*, he may be induced to make the investment by the combined false representations of the vendor and certain information received from some other source; or, *third*, although the vendor may have made such false statements, yet the vendee may not trust them, and he may act alone from the information received from such other sources. In a case involving the facts in the first or second as above stated, the vendee is entitled to maintain an action against the vendor for damages thereby sustained, but in the third supposed state of facts he is not entitled to recover. The reasons therefor are manifest, since in cases numbered first and second the mal-conduct of the vendor is the producing cause, or *one* of the producing causes of the injury inflicted on the defrauded vendee; while in the last or third instance named the vendor's fraudulent act was not in any sense a cause of any damage to the vendee.

With this theory of the law in view, it clearly enough appears that the trial court did not permit the plaintiff to submit his entire case to the jury. He was made to stand or fall on the case first above mentioned, whereas he was entitled as well to have the second phase submitted to the jury. For, if there were two concurring, moving causes, which together induced

plaintiff to buy the land, and one of these was made up of defendant's false and fraudulent representations, without which the plaintiff would not have acted as he did, then he had a right of action against the defendant for the consequent damages.

It will not do to say that *inferentially* the idea is included in some other instruction. The litigant is entitled to go to the jury on clear and unambiguous declarations of the law. If he asks such instructions they ought to be given. Shrewd counsel could well say to the jury (while commenting on these instructions) that, unless they found that defendant's false representations were *the sole inducement* to plaintiff's purchase of the land, they were bound to return a verdict for defendant.

We conclude then that the court erred in refusing plaintiff's fourth instruction. Though rather awkwardly drafted, it contains a theory of law to which plaintiff was entitled. *Cahn v. Reid*, 18 Mo. App. 115; *Saunders v. McClintock*, 46 Mo. App. 216.

Judgment reversed and cause remanded. All concur.