AMERICAN HARDWOOD LUMBER COMPANY, Respondent, v. DENT, Appellant.

St. Louis Court of Appeals, October 30, 1906.

1. **PRACTICE: Instructions: Passive Declaration of Law.** A declaration of law, which authorized a judgment for the defendant, if the facts in support of his special defense were found to be true, was improperly refused, although the court on behalf of the plaintiff gave a declaration of law to the effect that a finding could not be had for the defendant unless such facts were found to be true. The two declarations are not identical because the court might have determined that other facts had to be found before a judgment could be rendered for the defendant.

2. **FRAUDULENT REPRESENTATIONS: Market Value.** Representations regarding the market value of a certain kind of lumber made by one acquainted with such values to one ignorant of them, if false and made with the knowledge by the former that the latter was ignorant, were fraudulent representations and entitled the latter to rescind the contract which he was induced to enter into by means of such misrepresentations.

3. ———: **Sole Inducement.** In order to rescind a contract on the ground that its execution has been induced by fraudulent representations, it is not necessary to show that the false representations were the sole inducement for entering the contract; it is only necessary to show that the false representations were intentionally made, that they were relied upon and deceived the person seeking to rescind, and that they contributed towards inducing him to enter the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED AND REMANDED.

*R. P.* and *C. B. Williams* and *F. M. Curlee* for appellant.

(1) Where parties are not dealing at arms-length or on an equal footing; or where one party to the contract being ignorant of the value of a commodity, relies upon the other to inform him, that other, if he speaks at all, must speak the truth; and if he speaks falsely the general rule regarding "dealers' talk" does not apply. McBeth v. Craddock, 28 Mo. App. 396; Stones v. Richmond, 17 Mo. App. 17; Wannell v. Kem, 57 Mo. 478; Cottrill v. Krum, 100 Mo. 397; Cahn v. Reid, 18 Mo. App. 115; Pickard v. McCormick, 11 Mich. 68; Stoll v. Wellborn (N. J. Chan. 1903), 56 Atl. 894; Smith v. Countryman, 30 N. Y. 655; Peck v. Jenison, 99 Mich. 326; Maxted v. Fowler, 94 Mich. 106; Russell v. Peay, 2 Speers (S. C.) 217; 14 Am. and Eng. Ency. of Law (2 Ed.), p. 125. (2) A representation as to the market price of a commodity is one of fact, and is not mere matter of opinion or "dealers' talk." Distinctions between opinions and statements of fact: 20 Cyc., p. 52; Strand v. Griffith, 97 Fed. 854, 38 C. C. A. 444; Manning v. Albee, 11 Allen 520; Com. v. Wood, 142 Mass. 459. (3) In order to avoid a contract for fraud, it is not necessary that the fraudulent representation should have been the sole inducement to the contract, nor to show that the contract would not have been made in the absence of fraud; but it is sufficient ground for the avoidance of a

contract to show that the fraud induced, in any degree, to the making of same. Burnham & Co. v. Ellmore, 66 Mo. App. 620; Saunders v. McClintock, 46 Mo. App. 223; Becroft v. Grist, 52 Mo. App. 589.

*Muench, Walther & Muench* for respondent.

(1) In order to make out a case of false representations, the following elements must be present: (1) The representation must be made as to a material fact; (2) must be false; (3) must be of such character that the other party had a right to rely upon it; (4) must be accompanied by knowledge that it was false, or what the law regards as equivalent to actual knowledge, and by an intent to deceive; (5) must be relied upon by the other party and deceive him to his damage. 14 Am. and Eng. Ency. of Law (2 Ed.), 23; Nauman v. Oberle, 90 Mo. 666; Anderson v. Pike, 86 Mo. 293; Wade v. Ringo, 122 Mo. 326; Hodges v. Torrey, 28 Mo. 103; Green v. Worman, 83 Mo. App. 568. (2) Fraudulent representation as to the value of a thing usually amounts only to an expression of opinion and affords no ground for relief. Harrison v. Waldon, 89 Mo. App. 164; Ellis v. Andrews, 56 N. Y. 83; 14 Am. and Eng. Ency. of Law (2 Ed.), 124. (3) It is not error to refuse instructions, the principles of which are included in other instructions given. State v. Gates, 130 Mo. 351; Keim v. Railway, 90 Mo. 314; Best Bros. v. Kempf, 64 Mo. App. 460.

GOODE, J.—Plaintiff sues for the breach of a contract in which defendant agreed to manufacture, sell and deliver to plaintiff, at Newton, Mississippi, prior to January 1, 1903, five hundred thousand feet of hardwood lumber of various kinds and grades. The contract was written and was dated August 21, 1902. Defendant admitted the execution of the contract and its nonperformance, alleging that it was voidable because obtained from defendant by fraud. The allegations in

support of this defense are that defendant had no knowledge of the value of the kinds of lumber set out in the contract and, during the negotiations between himself and plaintiff, so advised the latter; that plaintiff stated to defendant that the prices for the different kinds of lumber agreed to be furnished were the market prices then ruling and on such knowledge and information the contract was closed; that the prices stipulated, in consequence of plaintiff's false representations and defendant's reliance thereon, were much below the market prices at the time, as plaintiff well knew and by reason thereof the contract never became operative. It was further alleged that at the time of and prior to making the contract, defendant was engaged in the manufacture and sale of softwood lumber and plaintiff was a dealer in hardwood lumber, that plaintiff came to Mississippi and induced defendant to enter into the contract in question, defendant informing plaintiff that he had no knowledge of the value and prices of hardwood lumber and the cost of manufacturing the same, and that defendant relied on the statements of plaintiff as to prices and values of the lumber.

The contract was arranged by defendant and plaintiff's agent George H. Cottrill. A perusal of the evidence has convinced us that the testimony of the defendant and some other testimony for him, tended to support the allegations of the answer that defendant was ignorant of the prices of hardwood lumber, so stated to Cottrill and relied on the representations made by Cottrill regarding the prices of it and that those prices were considerably below the real prices; that Cottrill undertook to give defendant the market prices as the basis for the contract and defendant accepted his statements as true. The testimony for the plaintiff was quite to the contrary and goes to show that defendant did not rely on Cottrill's statements and, further, that the latter stated the true market prices for the different grades of

lumber then current. Defendant never entered on the performance of the contract, but early in September repudiated it by letter. No question is raised about the rescission not being prompt. The letter assigned as reasons for defendant's refusal to perform, that the agreed prices were too low and that plaintiff would not advance enough money on lumber cut and piled by defendant, to enable him to perform the contract. Though defendant's letters and statements elicited from him on cross-examination, materially weakened his defense, we cannot say the judgment was so obviously for the right party that errors committed at the trial ought to be disregarded. In view of the contradictory testimony, the decision of the appeal must turn on the declarations of law given by the court, the cause having been tried without a jury. Exceptions were saved to the rulings on the declarations requested, and the court having entered judgment in plaintiff's favor, the defendant appealed.

The court declared there could be no judgment for defendant unless it was found that Cottrill represented the prices stated in the contract were the true market prices; that said prices were substantially less than the market prices; that defendant had no knowledge as to the actual market prices; and so advised plaintiff's agent, or plaintiff's agent knew from other sources that defendant in making the contract relied on Cottrill's representations. But the court refused to declare, at defendant's request, that if all said facts were found, and also that the agent knew the prices he gave were not the market prices and by reason of his representations that they were, defendant was misled and deceived to his damage, then defendant had the right to avoid the contract, and if he did so, the verdict should be in his favor. That the requested declaration correctly stated the law and the existence of the facts it mentioned entitled defendant to rescind the contract, is not denied. [Anstee v. Ober, 26 Mo. App. 665, 669; 14 Am. and Eng.

Ency. Law (2 Ed.), p. 91.] But the declaration given
at plaintiff's request is said to have enunciated the same
principles and, therefore, the one requested by defend-
ant would have been superfluous. We cannot accept
this proposition. The first declaration stated that no
judgment could be given for defendant unless certain
facts were found, but did not state that judgment should
be given for him if those facts were found. Now the
declaration requested by defendant asserted the propo-
sition that if such facts, and, in addition, a guilty
scienter on the part of the agent, were found, defendant
was entitled to judgment. That declaration was refused
and hence we cannot say the court disposed of the case
on the theory that a finding of the facts it recited would
warrant a judgment in defendant's favor. The natural
conclusion from the refusal would be that the court
thought it was necessary for him to establish, not only
the hypothesized facts, but some other fact, before he
would be entitled to judgment.

It may be doubted if a statement of what the market
value of an article is, is ever a mere estimate of value
by the speaker. Certainly the alleged statements of
Cottrill on that subject in the present case are not to be
treated as mere expressions of opinion, as plaintiff con-
tended, but as assertions of fact, if they were made when
he knew defendant was wholly ignorant of the market
value of hardwood lumber and was relying on Cottrill's
expert knowledge for enlightenment. Under those cir-
cumstances the parties were not dealing on equal terms,
but one was putting confidence in the other's honesty
and knowledge. [Cahn v. Reid, 18 Mo. App. 115; Stone
v. Richmond, 21 Mo. App. 17.] According to Dent he
informed Cottrill that he knew nothing of the value
of hardwood lumber and was compelled to rely on the
latter's statements in fixing the market prices, the agree-
ment being that the lumber was to be furnished by de-
fendant at those prices.

121 App—8

Neither was it essential to a rescission of the contract by defendant, that fraudulent misstatements by plaintiff's agent should have been the sole inducement for entering into the contract. It is necessary that false representations should have been made by plaintiff's agent, and in view of what the answer avers, intentionally made, and that defendant should have relied on them and have been deceived by them so far that the deception contributed toward inducing him to enter into the contract. [Benjamin, Sales (6 Ed.), p. 377; Cahn v. Reid, 18 Mo. App. 115, 131, et seq.; Becraft v. Grist, 52 Mo. App. 589; Burnham v. Ellmore, 66 Mo. App. 617, 621.]

The judgment is reversed and the cause remanded. All concur.