## A. S. PHELPS, JR., Appellant, v. R. W. JONES, Respondent.

**Kansas City Court of Appeals, January 24, 1910.**

1. **CONTRACTS: Failure to Read.** The fact that the signer of a contract did not read it because he was in a hurry does not affect the validity of the contract.

2. ————: **Sales: Rescission: Fraud: Misrepresentation.** Where the seller of a device is familiar with its workings and the buyer is not, it is the duty of the former to apprise the latter of all material facts which the latter ought not to be expected to know; and the failure to impart such information amounts to direct misrepresentation, if the buyer is knowingly suffered to deal under a delusion. The rule of *caveat emptor* does not apply where the parties do not stand on an equal footing.

3. ————: ————: **Fraudulent Representations: What Facts Must Be Shown.** To be entitled to rescind a contract on the ground of fraudulent representations, the vendee must prove—
   (1) That false representations of material facts were made to him with the intent to deceive;
   (2) That he believed them to be true;
   (3) That his reliance upon them was an act of ordinary prudence and—
   (4) That they influenced his action.

4. **PRACTICE: Conclusiveness of Finding by Court.** Where a jury is waived in a law action the finding of the trial court will be treated as the verdict of a jury.

Appeal from Livingston Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Kitt & Taylor* for appellant.

(1) The court erred in refusing instructions numbered 2, asked by appellant, there is no evidence in the case upon which the respondent is entitled to recover, and upon the whole evidence the judgment should have

been for appellant.  Aultman & Co. v. Gaggs, 50 Mo. App. 280.  Before rescinding respondent should put appellant *in statu quo*, by paying all sums appellant had been out; appellant had paid freight on machine and employed a plumber to install machine, but respondent has never repaid appellant nor offered to do so.  McGrew v. Smith, 116 S. W. (Mo. App.) 1117, and cases cited; 24 Am. and Eng. Ency. Law, p. 645.  (2) The court erred in refusing appellant's instruction numbered 1, there is no evidence of any fraud practiced by appellant inducing respondent to purchase the machine in question.  (3) The court erred in refusing instructions numbered 4, 5, 6, 7 and 11 asked by appellant, there was no fraud on appellant's part, his agent did not tell respondent there was no refuse left after the gas was generated, there is no evidence of an intention to deceive.  There is no evidence in this case that appellant's agent represented there was no refuse left.  20 Cyclopedia Law, page 63, and cases cited; 14 Am. and Eng. Ency. Law, pages 66, 77, 105, and cases cited.  (4) The court erred in refusing instruction No. 11, because respondent's evidence shows conclusively he knew there was refuse to be taken from the machine, and that appellant's agent so informed him.  (5) The court erred in permitting the respondent to state what he surmised or concluded from what the agent said to him.  He should have stated what was said and the court draw the conclusion; respondent was permitted over appellant's objection and exception to state whether, from what the agent said to him, he knew it was necessary to have a drain to carry off the refuse, or whether there was any waste matter left in the machine. This was a conclusion and was for the court to say from the facts and not for respondent.

*F. Sheetz & Son* for respondent.

(1)  This being an action at law for breach of contract, the judgment rendered by the court below sitting

as a jury, will be affirmed if supported by substantial evidence. McClanahan v. Payne, 86 Mo. App. 289; McCormick v. Moore, 134 Mo. App. 675-6; Brewing Co. v. St. Louis, 209 Mo. 609. (2) Respondent offered to return the machine, or refused to accept the machine and tendered it to appellant, and having received nothing from appellant but the machine, the law required nothing further on his part to complete the rescission. 24 Am. and Eng. Enc. of Law (2 Ed.), p. 645-6; Soap Works v. Sayers, 55 Mo. App. 25; Creasy v. Gray, 88 Mo. App. 461. (3) The tender as made was sufficient, because the evidence shows that a more particular tender, if made, would have been unavailing, and hence was unnecessary. Soap Works v. Sayers, 55 Mo. App. 25; Woods v. Thompson, 114 Mo. App. 45. (4) False representation may be made by presenting that which is true so as to create an impression which is false, and then profiting by the false impression thus created. Tolley v. Poteet (W. Va.), 57 S. E. 811. (5) The article contracted for was not fit for the purpose for which it was bought, and appellant could not recover for that reason. Skinner v. Glass Co., 103 Mo. App. 659, and cases cited; Armstrong & Co. v. Tobacco Co., 41 Mo. App. 258; Implement Co. v. Parmer, 128 Mo. App. 303; Moore v. Koger, 113 Mo. App. 428. (6) Where an article is sold by sample, the article contracted for must be the same in every particular as the sample. Schoenberg v. Loker, 88 Mo. App. 391. (7) The contract was entire, and the appellant failed to show complete performance on his part, by failing to show the delivery to respondent of one can of carbide as required by the contract, and appellant could not recover for that reason. Yeats v. Ballentine, 56 Mo. 535.

JOHNSON, J.—This suit was brought before a justice of the peace to recover the purchase price of a gas

machine sold and delivered by plaintiff to defendant. The defense is a rescission of the contract of sale (which was in writing) on the ground of fraud. A jury was waived in the circuit court and the trial there resulted in a judgment for defendant. Plaintiff appealed.

Defendant admits he signed the contract on which the action is founded, but says he did not read it and contends that it does not express the real agreement made by the parties. The court properly rejected the defenses predicated on defendant's failure to acquaint himself with the contents of the instrument. He is an intelligent farmer who can read and write and who is experienced in the transaction of business. The only reason he gave for not reading the contract before signing it is that he was in a hurry. This is no excuse in law. [Breeder's Co. v. Wright, 134 Mo. App. 717.] We eliminate from the case, as did the trial court, all of the defenses except the contention that defendant was induced to enter into the contract by false and fraudulent representations of plaintiff respecting the merits of the subject of the transaction.

Facts and circumstances in evidence pertinent to this defense thus may be stated: An agent of plaintiff called on defendant at his residence and solicited him to install therein a machine to manufacture acetylene gas for illuminating purposes. Gas is produced in such machines by the chemical action of water on carbide. Fifty pounds of carbide are placed in a tank with fifty gallons of water, and this quantity of material is supposed to generate gas during a period of three months or more. The agent had a model of the machine which he operated in a darkened room with entire success. The model had no drain from the tank and the deception which it is claimed the agent practiced consisted of the impression he purposely made on the mind of defendant that a drain was not necessary, because the union of water and carbide in the proportions stated would result in the final consumption of both. He did not

make a direct statement to this effect, but in addition to exhibiting a model without a drainage device, he answered defendant's questions, "Does the water and carbide finish out of the machine at the same time?" by saying, "Yes, fifty gallons of water will run fifty pounds of carbide." In the course of the conversation the agent asked defendant if he had a trench in the cellar where the machine would be installed. Being answered in the negative, the agent hastily remarked, "That will be all right." Afterward, in filling out the contract, he wrote the word "no" after the word "drain" in the descriptive items.

It is conceded the action of water on carbide does not greatly diminish the quantity of material in the tank and that when chemical activity ceases, there remains approximately fifty gallons of waste—a sort of whitewash—which must be removed either by drainage or by the laborious use of buckets. We agree with the trial court in the finding of fact that the agent, without resorting to direct falsehood, cunningly and artfully contrived to create in defendant's mind the impression that the generation of gas ultimately destroyed its creative elements and left no refuse. We do not overlook the answer of defendant in his testimony to the effect that the agent stated that fifty gallons of water and fifty pounds of carbide "would run me three or four months before I would have to take it out." We accept at par that answer, which is in the nature of an admission, despite the insistence of counsel for defendant that in some way it was interpolated in the record. But in the light of all the facts and circumstances before us (some of which we have not stated), we approve the finding of the court that defendant had no knowledge when he signed the contract that there would be refuse from the tank that would have to be removed in some manner. The finding is supported by substantial evidence and this being a law case, it will be treated as the verdict of a jury. [McClanahan v. Payne, 86 Mo. App. 289;

McCormick v. Moore, 134 Mo. App. 675-6; Brewing Co. v. St. Louis, 209 Mo. 1. c. 609.]

Did deception of this character justify a rescission of the contract by defendant? To be entitled to rescind a contract on the ground of fraudulent representations, the vendee must prove (1) that false representations of material facts were made to him with the intent to deceive; (2) that he believed them to be true; (3) that his reliance upon them was an act of ordinary prudence, and (4) that they influenced his action. [Wannell v. Kem, 57 Mo. 478; Funding Co. v. Heskett, 125 Mo. App. 516.]

It cannot well be denied that the fact of whether or not the machine would produce refuse to be removed in some way was material and that its importance was recognized by the agent of plaintiff. His artfulness in anticipating and allaying any suspicion in the mind of defendant demonstrated his realization that were the truth known to defendant, the sale could not be accomplished. The rule of *caveat emptor* which requires parties to a contract to deal at arm's length does not obtain where the parties do not stand on an equal footing. [Cahn v. Reid, 18 Mo. App. 130; Leicher v. Keeney, 110 Mo. App. 299; Barnard v. Duncan, 38 Mo. 186; Lumber Co. v. Dent, 121 Mo. App. 113.] The parties here did not stand on equal ground. The machine was a scientific device. Plaintiff knew all about it; defendant, a plain farmer, did not know and could not be expected to probe intelligently into things of expert knowledge. He was compelled to rely on plaintiff for information respecting such things, and it was the duty of plaintiff to apprise him of all material facts of purely scientific cognizance. In such cases the concealment of material facts is of itself a misrepresentation. "The vendor must disclose all material facts of which he knows the vendee to be ignorant. There may be fraud in suppressing and concealing material facts and circumstances, as well as in direct misrepresentation, if

the other party is knowlingly suffered to deal under a delusion." ] [Barnard v. Duncan, supra.]

It cannot be said as a matter of law that defendant failed to measure up to the standard of ordinary care in suffering himself to be deceived by the statements and conduct of the agent. The characterization of his conduct is presented by the evidence as an issue of fact, and since we are satisfied that the finding of the court on this fact is supported by substantial evidence, we shall not disturb it. A shrewder man than defendant might have made a more thorough inquiry into scientific facts, but we think the court, as a trier of fact, might well conclude that he acted as an ordinarily careful and prudent person would have acted in his situation. We approve the judgment of the trial court that the sale was procured by false and fraudulent representations; further, we find the point urged by plaintiff that, in rescinding the sale defendant did not offer to restore the *status quo,* is not well taken.

The judgment is affirmed. All concur.