Stratton v. Dudding.

---

## BISHOP STRATTON, Appellant, v. M. A. DUDDING, Respondent.

**Kansas City Court of Appeals, April 29, 1912.**

1. **FRAUD AND DECEIT: Pleading: Justice Courts.** Plaintiff sued in a justice court for damages sustained by reason of the misrepresentations of defendant as to the age and condition of a cow bought from defendant. The statement filed in the justice court is held to be sufficient especially as to an attack made for the first time after verdict.

2. **JUSTICE COURTS: Statement: Sufficiency.** The rule that a mere charge of fraud in a petition without specification of the acts which constitute the alleged fraud does not state a good cause of action, does not apply to justice courts where technical accuracy is not required and where a statement is deemed sufficient if it advises the defendant of the nature and amount of the demand with sufficient definiteness to bar another action for the same cause.

3. **FRAUD AND DECEIT: Instructions: Actual Knowledge.** In an action for fraud and deceit an instruction, which directed the jury to return a verdict for defendant unless they believed from the evidence that defendant had *actual knowledge* of the falsity of his representations, is erroneous.

Appeal from Johnson Circuit Court.—*Hon. A. A. Whitsett*, Judge.

REVERSED AND REMANDED.

*James A. Kemper* for appellant.

*R. M. Robertson* and *N. M. Bradley* for respondent.

JOHNSON, J.—This is an action for fraud and deceit commenced in a justice court by the filing of the following statement:

M. A. Dudding to
Bishop Stratton, Dr.

To damages sustained from misrepresentation as to value, age and condition of one certain milch cow, bought from the said M. A. Dudding, on Feb. 8, 1910 ...............$25.00.

A trial in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for defendant and plaintiff appealed. Counsel for defendant attack the sufficiency of the statement to plead a cause of action and invoke the well-recognized rule that a mere charge of fraud in a petition without specification of the act or acts which constitute the alleged fraud amounts to nothing and cannot be accepted as the statement of a good cause of action. - [Nagel v. Railway, 167 Mo. l. c. 96, and cases cited.]

But that rule does not apply to justice courts where technical accuracy is not required and where a statement is deemed sufficient if it advises the defendant of the nature and amount of plaintiff's demand with sufficient definiteness to bar another action for the same cause. [Iba v. Railroad, 45 Mo. 469; Polhans v. Railway, 45 Mo. App. l. c. 157; Hall v. Railroad, 124 Mo. App. 664.] The statement before us is sufficient especially as to an attack made for the first time after verdict. The parties to the action are farmers and the subject of dispute is a milch cow plaintiff purchased for fifty dollars at an auction sale defendant had at his farm. In substance the evidence of plaintiff tends to show that defendant represented at

the sale that the cow was seven or eight years old, was sound, and gave from two and one-half to three gallons of milk per day; that plaintiff believed these statements and relying on them bought the cow; that each of the statements was false and that their falsity could not be discovered by any reasonable inspection that plaintiff made or could have made at the time. It developed that the cow was eleven or twelve years old, had a permanently diseased bag and gave from one to one and a half gallons of milk per day, instead of the quantity represented by defendant; but these defects which the evidence of plaintiff depicts as latent were not discovered by him until after the sale. The evidence of defendant contradicts that of plaintiff on all essential points and tends to show that the defects of which plaintiff complains, if existent, were open to ordinary inspection and that full opportunity was given plaintiff and other bidders to examine the animals and bidders were invited by defendant to avail themselves of such opportunity.

The gist of the cause of action asserted by plaintiff is not a breach of warranty, express or implied, but the tort of false and fraudulent representations. An action of the latter character cannot be predicated of representations as to facts that fall within the scope of the operation of the rule of *caveat emptor*. That rule, the vigor of which remains unimpaired, demands of a buyer the exercise of reasonable care and prudence in his purchases. He must avail himself of an opportunity to examine the article offered for sale and make reasonable use of his skill and judgment to discover defects. As to defects that are open to such inspection he has no right to rely on the representations of the seller. As to those matters of which it fairly may be said the vendor and vendee stand on equal ground, the vendee must take care of himself or else protect himself by a contract of warranty. He is not allowed to be negligent and then to complain

of being deceived. But latent defects, i. e., those that are not discoverable by a reasonable examination do not fall within the purview of the rule of *caveat emptor* for the reason that as to such defects the vendor and vendee cannot be said to stand on equal ground the advantage being with the former. With respect to such matter false representations of the vendor will give the vendee a cause of action for the damages he sustains in instances wherein the following elements are combined: (1) That false representations of a material fact or facts were made by the vendor to the vendee with intent to deceive; (2) that the vendee believed the representations to be true and relied upon them and (3) that his reliance upon them was an act of ordinary prudence. [Phelps v. Jones, 141 Mo. App. 223, and cases cited.] The vendor's intent to deceive is an indispensable ingredient of the cause, but the existence of such intent may be inferred from representations of facts of which the vendor is ignorant but of which he assumes or professes to have knowledge. The recklessness of such representations is regarded as constituting a tort of equal culpability with that of intentional falsehood.

Applying these rules to the case in hand we conclude that the evidence of plaintiff tends to support his pleaded cause and that the court did not err in sending the case to the jury. We cannot say as a matter of law that a reasonable examination of the cow by plaintiff prior to the sale and under the circumstances of his situation would have disclosed the existence of the defects. The jury were entitled to indulge the inference that these defects were latent, that defendant made false representations concerning them either with the deliberate intent to deceive or ignorantly, but with reckless indifference to truth, and that plaintiff relied on these representations and acted on them believing them to be true.

In ruling on the instructions the court appears to have adopted the views of the case we have expressed with one exception. The jury were directed, in effect, to return a verdict for defendant unless they believed from the evidence that defendant had actual knowledge of the falsity of his representations. This was error. As we have stated actual knowledge of the vendor of the falsity of his statements of material facts is not an indispensable element of such tort. A false statement innocently but mistakenly made will not afford the vendee a cause of action, but a false statement recklessly uttered will imply a fraudulent intent which is the cornerstone of a cause founded on false and fraudulent representations. The instructions too greatly restricted the scope of plaintiff's cause and much as we dislike to remand a case involving an amount so small, we feel that plaintiff, not having had a fair trial, should not be deprived of that right. Accordingly the judgment is reversed and the cause remanded. All concur.