JOHNSON, Defendant in Error, *vs.* JONES *et al.*, Plaintiffs in Error.

1. A set off is not admissible where the claim on either side is for unliquidated damages.

*Error to Jackson Circuit Court.*

*Sheley*, for plaintiff in error, contended that, under section 12 of article 7 of the new code of practice, the set off was admissible.

*Hayden*, for defendant in Error.

GAMBLE, Judge, delivered the opinion of the court.

Johnson sued Jones and others, alleging that in consideration of his giving the ground upon which a railroad was to be located through his land, the defendants, as members of the association for constructing the road, agreed to make a fence of a certain description on each side of the ground so given, and alleges the failure to make the fence, with a statement of the damages he had sustained thereby. The defendants, in their answer, admit the facts stated in plaintiff's petition, and by way of defence, set up as an offset a balance due from the plaintiff to the railroad association, upon a subscription made by him, which balance was, according to the terms of the subscription, payable to the defendants. The parties proceeded to trial, and the court disregarded the set off, because the plaintiff's action was for unliquidated damages, and in such case, a defence by way of set off was not allowed, and gave judgment for the plaintiff. This is the only question upon which the parties desire our opinion.

1. This court, at the last January term, in the case of the state to the use of *Cowan* v. *Modrell and others*, decided that where the claim on either side was for unliquidated damages, a set off could not be admitted as a defence.

The judgment is, with the concurrence of the other Judges, affirmed.