————o————

Samuel G. Loring, Appellant, *vs.* John P. Cooke, *et al.*, Respondent.

1. *Practice, civil—Non-suit not voluntary where party may obtain judgment and substantial damages.*—Where plaintiff is not precluded by the action of the court, in excluding testimony or otherwise, from recovering judgment and also substantial damages—if warranted by proof—non-suit taken by him will be held as voluntary and leaving him without remedy. And it is immaterial that in some particular the rulings made and instructions given may have been objectionable.

*Appeal from DeKalb Circuit Court.*

*S. G. Loring*, for Appellant.

*J. D. Strong*, for Respondent.

Wagner, Judge, delivered the opinion of the court.

The plaintiff in his petition alleged that the defendants, without leave and wrongfully entered upon his premises and in his dwelling house, and with force and arms, carried away one saddle, the property of the plaintiff, for which he claimed one thousand dollars damages.

There was a second count in which an assault and battery was alleged at the same time and place, but this last count was finally abandoned.

Defendants denied the allegations in the petition, and, as new matters of defense, averred that one Addington, a justice of the peace in Camden township, DeKalb County, made an order in an action then pending before him in pursuance of the statute

for the claim and delivery of personal property, wherein Gist and Craig were plaintiffs, and S. G. Loring, the plaintiff herein was defendant, which order was directed to the constable of Camden Township, in the said county, and commanded the constable to take from the possession of Loring and deliver to Gist and Craig one saddle of the value of eight dollars; that Addington had full jurisdiction in the premises, Gist and Craig having filed the statement and bond required; and that Addington, being satisfied that the process would not be executed for want of an officer to serve the same, by an endorsement signed by him authorized the defendant, Cook, to execute and return the writ; that Gist and Craig executed and delivered to Cook their bond, and thereupon Cook took with him the defendant, Craig, who was acquainted with the property, to assist in identifying it and proceeded to Loring's residence in the day time, and there found and took possession of the property without force or violence, and without breaking open doors or inclosures.

This new matter set up as a defense, plaintiff moved to strike out, but the court overruled the motion.

The parties then proceeded to a trial before a jury, and evidence was introduced on each side in support of the issues made by the pleadings.

Plaintiff asked the court to give thirteen instructions, all of which were refused. The instructions were obviously faulty and liable to objection.

The only material instruction given for the defendant was that if at the time of doing the acts complained of, Cook was acting under and by virtue of the order of delivery, read in evidence, commanding him to take from the possession of the plaintiff the saddle described in the petition and deliver the same to Gist and Craig, and if Craig was at the time doing said acts with Cook, by his command or request to assist him in identifying the saddle, and if Cook and Craig used no unnecessary violence in the taking of the saddle, then the jury should find for the defendants.

: The court, of its own motion, modified one of the plaintiff's instructions and then gave it. It told the jury that if they believed from the evidence that the defendants went upon the premises of the plaintiff and entered his dwelling house, they should find for him, unless they believed from the weight of the testimony that the defendants, prior to their entering his house, requested permission so to do from him, or notified him of the purpose for which they desired to enter, and their request was refused ; and if they entered the premises wilfully, for the purpose of assaulting or abusing the plaintiff or his family, then the jury might add smart money to the damages actually sustained.

Upon the giving of the foregoing instructions the plaintiff took a non-suit with leave to move to set the same aside; and after an ineffectual effort to accomplish that object, he brought his appeal.

There is nothing in the ruling of the court justifying the plaintiff in taking a voluntary non-suit. He was not precluded from a recovery or even obtaining substantial damages, if his evidence warranted it. Whether all the decisions of the court upon points as they arose, or whether the instructions were entirely unobjectionable, is not the question, as they might have been corrected regularly upon exceptions. But as the plaintiff might still have recovered damages if his evidence, which was all admitted, showed that he was entitled to them, the non-suit was entirely voluntary on his part and he must abide by it.

Judgment affirmed, the other judges concur.