ROBERT GRAHAM, etc., Appellants, v. JOHN V. PAR-
SONS et al., Respondents.

### St. Louis Court of Appeals, April 9, 1901.

1. **Practice, Trial:** WHAT IS A RULING OF COURT. An intimation from the court that it would sustain a demurrer to the evidence in a case is not an adverse ruling of the court, but the mere expression of an opinion, which could not effect plaintiff's right to submit his case to the jury.

2. ———: ———: NONSUIT, VOLUNTARY ACTION. A nonsuit is not involuntary unless the circuit court's action is such as to preclude the plaintiff from recovery.

3. ———: ———: ———: APPEAL. When the plaintiff suffers a voluntary nonsuit, he can not appeal from his own voluntary action.

Appeal from Montgomery Circuit Court.—*Hon. Elliot M. Hughes,* Judge.

APPEAL DISMISSED.

*E. Rosenberger & Son* for appellants.

(1) The term "bailment" implies that the owner of the property has placed it in the hands of another, who is, at some time, to redeliver it to the owner in its integrity, or in an altered form agreed upon. O'Neal v. Stone, 79 Mo. App. 279; Story on Bailments, sec. 2; 2 Kent's Com., 558; 2 Steph. Com., 129; Burril's Law Dic., p. 126. (2) Where a bailment is for the sole benefit of the bailee, he is bound to use extraordinary care and is liable for slight neglect. 2 Kent's Com., 447;

Case of Coggs v. Bernard, 1 Smith's Leading Cases (4 Am. Ed.), side page 82. (3) Where a person becomes the bailee of a chattel, and before the same is restored to the bailor, something happens to the chattel, whether it be loss or damage, such as ordinarily does not happen to a chattel where the skill or diligence which the law requires in the particular kind of bailment is exercised, the bailor, in an action for such loss or damage, is entitled to recover upon merely showing the fact of the bailment, and of such loss or damage during the term of the bailment, unless the bailee shows that such loss or damage took place under such circumstances as exonerate him from liability. Collins v. Bennett, 46 N. Y. 490-494; Arnot v. Branconier, 14 Mo. App. 431; Wiser v. Chesley, 53 Mo. 547; Marshall Livery Co. v. McKelvey, 55 Mo. App. 240.

*J. D. Barnett* for respondents.

BLAND, P. J.—At the close of plaintiff's evidence the following occurred: "Thereupon the defendants offered a demurrer to the evidence, stating that the plaintiff could not recover a verdict against the defendants under the statement and the evidence produced, and the court intimating that said demurrer would be sustained, the plaintiff asked leave to take a nonsuit with leave to move to set aside the same. To which action of the court intimating that the defendant's demurrer would be sustained, the plaintiff then and there excepted at the time."

In due time plaintiff moved to set aside the nonsuit. His motion was unsuccessful and he appealed.

It seems to us that plaintiff prematurely took a nonsuit. He should have waited until the court made an affirmative ruling on the demurrer to his evidence. An intimation from the court that it would sustain the demurrer was not a ruling of

the court, but the mere expression of an opinion, which could not affect the plaintiff's right to submit his case to the jury. It was not an adverse ruling.   There was time and opportunity for the court to have changed its opinion before it made a formal ruling on the demurrer, and it might have done so, had not the plaintiff deprived it of that opportunity by taking a nonsuit.   And we hold that the nonsuit was voluntary.   A nonsuit is not involuntary unless the circuit court's *action* is such as to preclude the plaintiff from a recovery.   Long v. Cooke, 60 Mo. 564; State ex rel. v. Gaddy, 83 Mo. 138; Hageman v. Moreland, 33 Mo. 86.   Where the plaintiff suffers a voluntary nonsuit, he can not appeal from his own voluntary action. Chouteau v. Rowse, 90 Mo. 191; Poe v. Dominic, 46 Mo. 113; Holdridge v. Marsh, 28 Mo. App. 283.   Wherefore, the appeal is dismissed.   All concur.