FRED HOFFMAN, Appellant, v. HIRAM LLOYD
BUILDING AND CONSTRUCTION COMPANY,
a Corporation, Respondent.

St. Louis Court of Appeals. .Opinion Filed July 20, 1920.

1.. **COUNTERCLAIMS: Set-offs: Claims for Unliquidated Damages:
Counterclaims not Set-offs.** Where none of the matters pleaded by
defendant constituted a debt, but in reality were claims for un-
liquidated damages, they do not constitute set-offs, but are coun-
terclaims; to be classified as set-offs, under section 1866, Revised
Statutes of Missouri 1909, one debt must be set off against the
other.

2. **PLEADING: Answers: New Matter Constituting Defense or Coun-
terclaims: May Be Set Up in Addition to General and Specific Denial.**
In an action by the seller of machinery against the purchaser for
the purchase price, the purchaser, in addition to uniting a general
and specific denial, was authorized under section 1806, Revised
Statutes of Missouri, 1909, to plead in the same answer a statement
of any new matter constituting a defense or counterclaim in ordi-
nary and concise language without repetition.

3. ———: ———: **New Matter Constituting Counterclaim.** In action
by the seller of machinery against the purchaser for the purchase
price, where defendant's answer was a plea of new matter in the
nature of a counterclaim for unliquidated damages, for changes,
in machinery, etc., *held*, that defendant's answer sets up new
matter, not as a defense, but as counterclaims to plaintiff's cause
of action, claims which defendant might have prosecuted against
plaintiff independent of any suit instituted by plaintiff.

4. **SALES: Seller's Failure to Fulfill Contracts: Damages Proper Sub-
jects of Counterclaim.** In an action by the seller of machinery
against the purchaser for the purchase price, demands of defendant
against the plaintiff in the nature of unliquidated damages for
changes in machinery, etc., as pleaded by defendant, were proper
subjects of counterclaim.

5. **TRIAL PRACTICE: Judgments: Counterclaims: Judgment Should
Be for Plaintiff for Amount Allowed in Excess of Counterclaim.**
In an action by the seller of machinery against the purchaser for
the purchase price, where defendant pleaded new matter by way
of counterclaim, the judgment of the circuit court should be for
plaintiff for the amount upon his cause of action in excess of the

amount allowed defendant on its counterclaim; and the findings of the court, upon which judgment is based, to be technically accurate, should include a finding and determination of amounts, if any, awarded the defendant on each of its counterclaims.

6. **APPELLATE PRACTICE:** Judgments: Counterclaims: Failure to Make Specific Finding on Each Cause of Action: Not Reversible Error. Where the counterclaims arise out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action, and it is apparent from the findings and record presented that the court necessarily considered and passed on the issues raised upon all the causes of action stated in the pleadings, failure to make a specific finding on each cause of action so stated does not constitute reversible error.

7. **SALES:** Items Claimed by Purchaser Not Within Purview of Contract: Not Allowable. In an action by the seller of machinery against the purchaser for the purchase price, where defendant pleaded new matter by way of counterclaim, etc., and it appears that many items for parts and fittings together with the expense of fastening and adjusting them to the purchased machinery, were for utilization of the machinery for pile-driving work, a use different from that in which it was formally used and for which fittings were provided; such items should not be allowed because not coming within the purview of the contract; and since the pleadings admitted the contract, the finding should have been for the full contract price, diminished only by such sums as might be properly allowed on the counterclaims.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Vital W. Garesche,* Judge.

REVERSED AND REMANDED.

*Anderson, Gilbert & Hayden* for appellant.

(1) Respondent's answer to the first count of the petition in the case contains in effect a counterclaim in that respondent seeks deduction from the amount claimed by appellant. 34 Cyc., 629; Davidson v. Remington, 12 How. Pr. N. Y. 310-11; 1 Bacon's Missouri Practice, sec. 273, page 298. (2) The judgment in this case under the first count of plaintiff's petition did not dispose of all of the issues raised by that count of the petition and respondent's answer, and should therefore be reversed.

Marshall v. Armstrong, 105 Mo. App. 234; Winkelman v. Maddox, 119 Mo. App. 658; Thresher Co. v. Speak, 167 Mo. App. 470; Disbrow v. Storage Co., 170 Mo. App. 585. (3) The judgment should be reversed and entered for plaintiff for the amount sued for because there is no evidence to support the counterclaim pleaded by defendant. (4) Presumptions do not run backward. Schwartz v. Frank, 183 Mo. 447; Lawson on Pres. Ev., page 238. (5) There was no warranty that the machinery would be fit for pile-driving and the court erred in so holding. There is no warranty with second-hand machinery that it is fit for any particular purpose unless so specified. Norris v. Reinsteder, 90 Mo. App. 626; Colchord Machinery Co. v. Lay Wilson, 131 Mo. App. 540; Hanna-Breckenridge Co. v. Holly Matthews Mfg. Co., 160 Mo. App. 437, 31 L. R. A., N. S. 785, 1915, 13 L. R. A. 478.

*C. R. Hamilton* and *Jos. T. Caffall* for respondent.

(1) Respondent's answer to the first count of the petition was not a counterclaim; an answer is to be distinguished from a counterclaim by the fact that the purpose of an answer is to defeat the action and bar recovery by the plaintiff on the cause of action set up by him, while a counterclaim, on the contrary, is a pleading by which defendant states a cause of action in his own favor and against plaintiff. 1 Words and Phrases, 409; Bird v. St. John's Episcopal Church, 56 N. E. 129, 133, 154 Ind. 138; Foley v. Merc. Nat'l Bank, 33 N. Y. Supp. 414. (2) The judgment under the first count disposed of all the issues raised by it and should be affirmed; it was not error to state the amount of the difference between the amount claimed by appellant and the recoupment claimed by respondent as the judgment for appellant. Disbrow v. Storage & Fuel Co., 170 Mo. App. 587. (3) The machinery having proved not up to the warranty "in working order" and "with all fittings complete," respondent could defeat the purchase price to the extent of the difference between the value of the goods had

they been delivered according to contract, and their real value in the inferior condition. And it was not bound to return the rejected boiler even though it was not wholly valueless. St. Louis Brewing Assn. v. McEnroe, 80 Mo. App. 429; D. June Co. v. Falkenburg, 89 Mo. App. 563; Smith v. Means, 170 Mo. App. 158; Brown v. Weldon, 99 Mo. 564; Buss v. Allison Window Glass Co., 146 Mo. App. 71. (4) *Caveat emptor* does not apply where the evidence shows an express warranty. Narr v. Norman, 113 Mo. App. 533; Hanna Breckenridge Co. v. Mfg. Co., 160 Mo. App. 437. (5) The evidence does not support appellant's assertion that the court held the machinery was warranted to be fit for pile-driving.

BARNES, C.—This suit was instituted in the circuit court of the city of St. Louis, on the 16th day of May, 1916. The petition is in two counts. The first count alleged an agreement on the part of plaintiff to sell and of defendant to purchase, one Simon crusher with bin and screens and all fittings for the sum of eight hundred dollars; one Ledgewood engine and boiler No. 233234, cylinder 10 x 12 with all fittings, said engine and boiler to be in working order, for the sum of five hundred dollars; one 8 x 15 Mundy engine and boiler, with all fittings comlete, same to be in working order, for the sum of four hundred dollars, the delivery and acceptance of said machinery; the payment of eight hundred and fifty dollars thereon, and that the balance of eight hundred and fifty dollars was due, praying judgment therefor. The second count was on *quantum valebant,* in which the reasonable value of the machinery was placed at the contract price.

The answer admitted defendant's incorporation; that plaintiff agreed to sell and defendant agreed to buy the machinery described in the first count of the petition, at the price therein alleged; admitted the payment of eight hundred and fifty dollars on account of said contract; denied that in accordance with said contract plaintiff duly furnished to defendant all of the said machinery

therein described, and that it accepted the same from plaintiff, and further answering averred that the Ledgewood boiler was not delivered to defendant in working order; that parts of said boiler were rusted and worn; that if it had been in working order it would have been worth the sum of two hundred dollars, but that it was wholly worthless for any purpose. Further answering it averred that the Mundy engine was not delivered to defendant in working order and with all fittings complete; that parts of the engine and parts of the complete fittings therefor were missing, and that defendant was compelled to purchase said parts and adjust said parts and fittings to said engine, and that by reason of the fact that certain parts of said engine and the complete fittings therefor were not delivered to defendant by plaintiff, the value of said engine was decreased in the sum of fifty dollars. In the answer it was further averred that the Ledgewood engine was not delivered in working order and with fittings; that parts of said engine and parts of the fittings therefor were missing, and that defendant was compelled to purchase said parts and provide the necessary work and labor to fasten and adjust said parts and fittings to said engine, and that by reason of certain parts of said engine and fittings therefor not being delivered by plaitniff to defendant, the value of said engine was decreased in the sum of seventy-five dollars: "Wherefore, defendant says there is now due plaintiff from defendant only the sum of five hundred and twenty-five dollars, for which sum, interest and costs defendant consents that judgment be entered against it."

The answer to the second count of the petition was a repetition of the averments of the answer to the first count. The reply was a general denial.

A jury was waived, and the case tried before the court on the 14th of May 1917, and by the court taken under advisement until the June term, whereupon the following findings and judgment were entered:

" . . . and the court being now at this day fully advised of and concerning the premises, doth find the

issues joined, upon the first count of the petition, in favor of the plaintiff, and against the defendant; and doth assess the plaintiff's damages, at the sum of $525, with interest thereon at the rate of six per cent per annum, from September 27, 1915, amounting to $44.95, making in the aggregate, the sum of $569.95; and doth further find the issues joined, upon the second count of the petition, in favor of the defendant.

Wherefore, it is considered and adjudged by the court, that the plaintiff take nothing by the second count of his petition; that the defendant be discharged, and go hence without day, as to said second count.

The court doth further consider and adjudge, that the plaintiff have and recover of the defendant the sum of five hundred and sixty-nine and 95/100 dollars ($569.95), together with the costs of this suit, and that execution issue therefor.''

No effort was made at the trial to prove the difference, if any, in the value of the machinery in the condition contracted for, and its value as delivered, with the exception of the boiler. Defendant's evidence tended to prove that the boiler would have been worth two hundred dollars had it corresponded with the description in the contract, and that as delivered it was wholly worthless. With reference to the other machinery, certain parts were either replaced or added thereto, and some changes made in connection therewith; and the bills rendered therefor, amounting to one hundred twenty-one dollars and forty-nine cents were admitted in evidence without objection. The aggregate of the sums sought to be recouped, is thus fixed by defendant's evidence at three hundred twenty-one dollars and forty-nine cents, while its answer claims an aggregate of three hundred and twenty-five dollars. If we surmise that the learned trial court in awarding plaintiff only five hundred and twenty-five dollars (exclusive of interest) on the first count of the petition purposed to allow defendant three hundred and twenty-five dollars by way of recoupment,

then such allowance is not in mathematical accord with the proof.

Appellant contends that the finding of the court does not dispose of all of the issues in the case because the items of recoupment pleaded are in effect counter-claims and no finding was made with reference thereto.

Preliminary to a determination of this question, we desire to observe that the matters pleaded by defendant are not to be classed as set-offs under our code. Section 1866, Revised Statutes 1909, provides, " . . . one debt may be set off against the other . . .," and as none of the matters pleaded by defendant constituted a debt, but in reality were claims for unliquidated damages, they do not constitute set-offs. [Mahan v. Ross, 18 Mo. 121; Johnson v. Jones, 16 Mo. 494; The State, to the use of Cowan, v. Modrell et al., 15 Mo. 421; Scarritt Estate Co. v. Arms Co., 110 Mo. App. 406, 86 S. W. 489; Schropp v. Pearl Laundry Co., 217 S. W. (Mo. App.) 862.]

The defendant, in addition to uniting a general and specific denial, was authorized under our code (section 1806, R. S. 1909) to plead in the same answer "a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

The counterclaim "must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: First, a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action . . . The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." (section 1807, R. S. 1909.)

Plaintiff's answer was a plea of new matter. Was it new matter constituting defenses or counterclaims?

204 M. A.—35

Does it go only to defeat plaintiff's cause of action by pleading facts that do not appear in the petition, but which show plaintiff suffered no wrong, notwithstanding the facts alleged in the petition; or does it plead facts which give defendant independent causes of action against plaintiff and which might have been prosecuted independent of plaintiff's suit? If the first it states new matter as a defense; if the latter, it is new matter constituting counterclaims. If counterclaim, it appears from the quoted portion of said section 1807 that it may be pleaded in this case. We are of the opinion that defendant's answer sets up new matter not as a defense, but as counterclaims to plaintiff's cause of action, claims which defendant might have prosecuted against plaintiff independent of any suit instituted by plaintiff.

It will not suffice to say that defendant merely seeks to recoup the amounts pleaded in its answer, for what was designated as recoupment prior to the adoption of our code is now embraced in the code term "counterclaim." Such demands as defendant pleaded were proper subjects of counterclaim. [Pomeroy's Code Remedies (4 Ed.), section 6, page 835 et seq.; Bliss on Code Pleading (3 Ed.), chapter 17, page 490 et seq.; Hay v. Short, 49 Mo. 139; Gordon v. Bruner, 49 Mo. 570; Brokerage Co. v. Campbell, 164 Mo. App. 8, 147 S. W. 516.]

Now the judgment of the circuit court in the instant case should be for plaintiff for the amount allowed upon his cause of action in excess of the amounts allowed defendant on its counterclaim; and the findings of the court upon which such judgment is based, to be technically accurate, should include a finding and determination of the amounts, if any, awarded the defendant on each of its counterclaims. Where, however, the counterclaims arise "out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action," and it is apparent from the findings and record presented that the court (or jury) necessarily considered and passed on the issues raised on all the causes of action stated in the

pleadings, a failure to make a specific finding on each cause of action so stated, does not constitute reversible error. Such is the status of this case. [Cosgrove v. Stange, 194 Mo. App. 14, 183 S. W. 691; Lindsey v. Nagel, 157 Mo. App. 128, 1. c. 140, 137 S. W. 912.]

It appears from the evidence offered on behalf of defendant that many items for parts and fittings together with the expense of fastening and adjusting them to the purchased machinery, were for utilization of the machinery in pile-driving work, a use different from that in which it was formerly used and for which fittings were provided, namely, cableway work. Such items should not have been allowed because not coming within the purview of the contract; and since the pleadings admitted the contract, the finding for plaintiff should have been for the full contract price, diminished only by such sums as might be properly allowed on the counterclaims. It follows that the judgment for plaintiff was not for the full amount to which he was entitled, and that it constitutes reversible error.

In view of the above and foregoing, the commissioner recommends that the judgment of the trial court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BARNES, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly reversed and the cause remanded. *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.