Donald REHM, d/b/a Guaranty Cycle Company, Plaintiff-Respondent,

v.

Robert A. FISHMAN, Defendant-Appellant, Security Trust Company, Garnishee.

No. 31840.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

Louis M. Kohn, St. Louis, for garnishee.

Klamen & Grand, Marvin M. Klamen, Clayton, for defendant-appellant.

Flynn, Parker & Badaracco, Joseph L. Badaracco, St. Louis, for plaintiff-respondent.

ANDERSON, Judge.

This is an appeal from an order and judgment of the Circuit Court of St. Louis County quashing an execution and garnish-ment in aid thereof issued at defendant's request.

It appears from the transcript that on December 29, 1961, plaintiff Donald Rehm brought an action against defendant Robert A. Fishman in the Circuit Court of St. Louis County. In said suit, plaintiff the lessor of certain premises let to defendant, by his petition sought to recover the balance alleged to be due him on bicycles and allied parts placed by plaintiff with defendant on consignment; the balance alleged to be due on the purchase price of bicycles purchased by defendant from plaintiff; and the amount paid by plaintiff on defendant's behalf for utilities used on the premises; less the reasonable value of the stock of bicycles and allied equipment on the premises as of October 31, 1961, which was applied to defendant's debt. The balance alleged to be due plaintiff was the sum of $6,854.11, for which amount, plus interest, plaintiff prayed judgment.

On January 29, 1962, plaintiff filed his answer and counterclaim. In said counterclaim, conversion of defendant's property by plaintiff was alleged, for which judgment was prayed for in the amount of $8,000.00 actual and $20,000.00 punitive damages.

The case came on for trial on January 16, 1963, and at the close of plaintiff's case the Court directed a verdict for plaintiff on his cause of action for the principal sum of $6,804.11 together with interest thereon from October 31, 1961 at six percent or a total for $7,299.79. The case on the counterclaim was submitted to the jury, and resulted in a verdict of $1,400.00 actual damages and punitive damages in the sum of $3,900, or a total of $5,300.00. This verdict was returned January 18, 1963. Thereafter, there appears in the transcript the following:

"JUDGMENTS

"THEREAFTER and on January 18, 1964, the following judgments were

entered of record in the Office of the Circuit Clerk, County of St. Louis (at Clayton), Missouri:

" 'Now again at this day come the parties hereto in person and by their respective attorneys and come also the Jurors in this behalf, empaneled and sworn, and the trial of this cause is resumed, progressed and at the close of Plaintiff's case, plaintiff's motion for directed verdict hereto filed and submitted herein, having been duly and fully considered is now by the Court hereby sustained. Court finds the issues herein joined in favor of the Plaintiff and against the defendant in the sum of $6,804.11 together with interest thereon from October 31, 1961 at 6% per annum in the sum of $495.68, or a total Judgment for $7299.79.

" 'Trial of the cause again resumed on Defendant's Counterclaim, progressed and concluded, the Jurors aforesaid, upon their oath aforesaid, return into Court the following verdict: DONALD REHM, DOING BUSINESS AS GUARANTY CYCLE COMPANY, Plaintiff vs. ROBERT A. FISHMAN, Defendant, Cause No. 244544, DIVISION NO. 8, *V E R D I C T*: "We, the Jury in the above cause, find in favor of the defendant and against the plaintiff on the issues herein joined and assess defendant's actual damages at the sum of $1,400.00 Dollars. And we further assess the defendant's punitive damages at the sum of $3,900.00 Dollars, aggregating the sum of $5,300.00 Dollars." /s/ Kenneth R. Suter, Foreman, Ralph J. Santel, Anthony J. Yanoschek, Vernon Elliott, H. J. Williams, Bernetta Matheny, Wesley K. Bartlett, N. Constantino, Irene G. Peters, Jessie C. Busch and Elizabeth T. Wahl.

" 'WHEREFORE, it is ordered and adjudged by the Court that said Plaintiff have and recover of said defendant the sum of Seven Thousand Two Hundred Ninety Nine Dollars and 79/100 ($7,299.79) Dollars, together with interest thereon from this date at the rate of six per centum per annum and also the costs herein incurred.

" 'Further ordered by the Court that Defendant have and recover of said Plaintiff the sum of Fourteen Hundred and no/100 ($1400.00) Dollars actual damages and Three Thousand Nine Hundred and no/100 ($3900.00) Dollars, punitive damages, or a total sum of Five Thousand Three Hundred and no/100 ($5300.00) Dollars assessed by the Jury as aforesaid, together with interest thereon from this date at the rate of six per centum per annum. Verdict and instructions filed.' "

On January 31, 1963, plaintiff filed his motion for judgment or in the alternative for a new trial. On February 2, 1963, defendant filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial.

The above motions were not acted upon by the Court within 90 days of the filing thereof, and therefore, pursuant to Civil Rule 78.04 were deemed overruled at the end of said period. Both parties appealed to this Court. However, these appeals were withdrawn on December 3, 1963.

On January 3, 1964, a request for Execution and Garnishment against Security Trust Co. was filed by defendant, Robert A. Fishman. Thereupon an Execution and Garnishment was issued for the sum of $5,300.00. Thereafter, on January 7, 1964, plaintiff filed his motion to quash said Execution and Garnishment. The grounds alleged in said motion were that since there was a net judgment in favor of plaintiff against defendant in the sum of $1,999.79, it would be inequitable and wholly improper that said Execution and Garnishment be issued. On January 15, 1964, said motion

was sustained. From this order defendant has appealed.

Appellant's first point is that since the trial court had jurisdiction of the subject matter and the parties, its judgment is not subject to collateral attack; that plaintiff's motion to quash the Execution is a collateral attack on the Court's judgment as entered and for that reason said judgment must be sustained; therefore, the Court erred in sustaining plaintiff's motion to quash the defendant's execution and garnishment.

■ A judgment is the judicial act of the Court and its entry upon the record is the ministerial act of the Clerk. Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935; J. J. Newberry Co. v. Baker, 239 Mo.App. 1130, 205 S.W.2d 935; Kansas City Pump Co. v. Jones, 126 Mo.App. 536, 104 S.W. 1136; State v. Haney, Mo., 277 S.W.2d 632, 55 A.L.R.2d 717. And the rendition of a judgment is to be distinguished from its entry in the records, 94 Am.Jur. sec. 94, p. 226. In Dunnevant v. Mocksoud, 122 Mo.App. 428, 99 S.W. 515, it was held that in a suit at law for a money judgment where there is but one count in the petition, and but one in a counterclaim filed there can be but one judgment. The Court cited section 726 R.S. 1899, (now Civil Rule 71.06, V.A.M.S.) This same rule of procedure was announced by this Court in Hoffman v. Hiram Lloyd Bldg. & Const. Co., 204 Mo.App. 539, 223 S.W. 813. Also Turney v. Baker, 103 Mo.App. 390, 77 S.W. 479; Caldwell v. Ryan, 210 Mo. 17, 108 S.W. 533, 16 L.R.A.,N.S., 294; Heman v. McNamara, 77 Mo.App. 1; City of St. Louis ex rel. and to Use of Sears v. Clark, Mo.App., 35 S.W.2d 986; State ex rel. Duraflor Products Co. v. Pearcy, 325 Mo. 335, 29 S.W.2d 83.

■ Thus while there should be separate findings upon plaintiff's cause of action and upon defendant's counterclaim, nevertheless one final judgment should be entered, which in the usual practice, recites the respective findings, and concludes with a judgment for the party in whose favor the greater finding was made, and for a sum which represents the excess over that found for his adversary. Any judgment entered by the clerk which fails to reflect this procedure is irregular and not the judgment actually rendered. The only exception to this rule is where the court orders separate trials under Civil Rule 66.02. This exception is not applicable in the case at bar.

■ Judgment follows immediately upon the rendition of the verdict, and must be in accordance with the rules heretofore stated. The judgment of the Court must be construed with reference to the pleadings and record, and, where on the whole record its scope can be ascertained, it will be upheld in accordance with that record as influenced by the rules of procedure applicable. This rule applies with equal force to the amount of the judgment, State ex rel. Whatley v. Mueller, Mo.App., 288 S.W.2d 405. Likewise, it should be held that the failure of the Clerk to enter the judgment rendered in its complete form, as shown by the entire record, does not subject the judgment which in contemplation of law was rendered, to an interpretation contrary to the rule of law announced by the authorities. To accept appellant's interpretation that there were two judgments rendered in this case would require a construction contrary to that principle.

■ It might be argued that before relief from an improper entry could be granted the judgment entry should be corrected nunc pro tunc. However, our Supreme Court has held that such a proceeding is not necessary where the judgment to be entered is simple. Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935, 937. In that case the Court said that it could perceive of no reason why the formality of a nunc pro tunc order should be invoked where the

judgment to be entered is simple. The Court further said in support of said ruling that "[a] judgment is the judicial act of the court and its entry upon the record is the ministerial act of the clerk (30 Am.Jur. p. 824, Sec. 10), and in legal contemplation, under Sec. 116, the judgment is *rendered* upon the verdict when the verdict is returned, and its validity is not affected by the delay of the clerk in *entering* it on the court record, or by an omission altogether to record it in pursuance of statutory direction. A judgment derives its force from the judicial act of the court in its rendition and not from the ministerial act of the clerk in entering it upon the record."

▮ In the case at bar it appears from the record that there was a verdict for plaintiff on his cause of action for the sum of $7,299.79. and a verdict for defendant on his counterclaim $5,300.00. In legal contemplation there was therefore a judgment for plaintiff for $1,999.79. It thus appears that defendant had no judgment in his favor, and his execution and garnishment was subject to a motion to quash. Such a motion was not a collateral attack on the judgment rendered. It was in recognition of the judgment actually rendered.

▮ But defendant contends that plaintiff is estopped to move to quash his execution because plaintiff, after defendant's execution was issued, secured an execution himself for $7,299.79. We hold there is no merit to this contention. Plaintiff could not create by estoppel a judgment that never existed. If he seeks an execution for more than he is entitled to under the judgment actually rendered, defendant may move to quash so much thereof in excess of the plaintiff's recovery.

We find no error in the record.

The order and judgment appealed from is affirmed.

WOLFE, P. J., and WOODSON OLDHAM, Special Judge, concur.