**O. H. BRECKNER ASSOCIATES, INC., Plaintiff-Respondent,**

v.

**V. S. DiCARLO GENERAL CONTRACTORS, INC., and United States Fidelity and Guaranty Company, Defendants-Appellants,**

**Pentecostal Church of God of America, Inc., et al., Defendants.**

No. 10990.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 3, 1979.

Motion for Rehearing or to Transfer Denied Oct. 22, 1979.

Application to Transfer Denied Dec. 6, 1979.

Gary A. Love, Lilley, Cowan, Love & Doran, Springfield, for plaintiff-respondent.

Ernest H. Fremont, Jr., Wm. Dirk Vandever, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for defendants-appellants.

BILLINGS, Presiding Judge.

Suit to enforce a mechanics lien by a subcontractor. The Circuit Court of Jasper County entered a judgment in favor of the plaintiff for $18,022.92 against the defendants V. S. DiCarlo General Contractors, Inc., and United States Fidelity and Guaranty Company, and made the same a lien against certain realty. We affirm.

■ Our review of this non-jury case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and requires the judgment of the trial court to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

Defendant V. S. DiCarlo General Contractors, Inc., was the general contractor for the construction of "Messenger Tower" in Joplin, Missouri, and defendant United States Fidelity and Guaranty Company is-

sued a payment bond in connection with the construction project. The masonry work was subcontracted to plaintiff and in this suit plaintiff alleged $32,688.93 was due it under the contract and for extra work performed at the general contractor's request. By answer and counterclaim the general contractor claimed various breaches of the subcontract and charges owing by plaintiff, which reduced the amount of compensation owing to plaintiff, and sought damages, interest, and attorney fees.

The trial court found plaintiff was entitled to $30,608.54 under the subcontract and $2,080.39 for extra caulking, for a total of $32,688.93. The court also found that the general contractor was entitled to a credit or "offset" of $14,666.01 for certain specified items and accordingly entered judgment for plaintiff for the balance of $18,022.92.

In this appeal defendant V. S. DiCarlo General Contractors, Inc., contends the court erred in allowing plaintiff the sum for extra caulking and in failing to award it interest on certain items and attorney's fees.

■ We have read the transcript, viewed the exhibits, and read the briefs of the parties and examined the authorities therein cited. There was substantial evidence to support the trial court's determination that the caulking item, of which the general contractor complains, was extra work and was requested and authorized by it. The provision in the contract for allowance to the contractor for attorney's fees and interest was limited to the situation where the contractor obtained a judgment against the subcontractor and has no application here. The court found the amounts claimed by the contractor to be "the matter for an offset as against plaintiff's claim." Separate findings were made upon the petition and counterclaim and a final judgment entered for the excess, pursuant to the rule found in *Rehm v. Fishman*, 395 S.W.2d 251 (Mo.App.1965).

No error of law appears and an opinion would have no precedential value.

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.