Keith JOHNSON, d/b/a Johnson
Interior Improvement,
Respondent,

v.

Scott and Laura HEITLAND,
Appellants.

No. ED 93631.

Missouri Court of Appeals,
Eastern District.

June 15, 2010.

Philip J. Christofferson, St. Louis, MO, for Appellant.

James M. Benson, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Scott and Laura Heitland ("the Homeowners") appeal from the judgment of the trial court in favor of the Homeowners in the amount of $41,005.42 on their breach of contract counterclaim and in favor of Keith Johnson ("Johnson") in the amount of $17,726.35 on his breach of contract claim. The Homeowners contend the trial court erred in entering judgment in favor of each party on their respective breach of contract claims and in denying their motion to amend the judgment because Missouri law required the entry of only one judgment in favor of the Homeowners. We affirm as modified.

The parties provided an agreed upon statement of the case pursuant to Rule 81.13, which set forth the following facts. The Homeowners are owners of a resi-

dence located at 46 Marshall Place in Webster Groves, Missouri. The residence was built in the 1860s. Johnson is a contractor who specializes in historical renovations and additions to older homes.

On March 15, 2005, the Homeowners and Johnson entered into a contract whereby Johnson agreed to construct an addition to the residence and to perform certain renovations to the existing residence. In return, the Homeowners agreed to pay Johnson $209,230.00.

On January 23, 2006, the Homeowners and Johnson amended the contract to provide that Johnson would also perform renovations to a separate carriage house at the residence, and the Homeowners in return would pay Johnson an additional $85,720.00.

On several other occasions during the course of Johnson's work, the parties agreed to various additions to the scope of the work. Johnson performed most of the work under the contract as amended. However, a dispute arose between the parties regarding the quality of the work. The Homeowners withheld payment of the final $17,726.35 due under the contract because of the alleged defective work.

On March 27, 2007, Johnson filed a petition against the Homeowners alleging they breached the contract by failing to pay the $17,726.35 due under the contract. The Homeowners subsequently filed a counterclaim, alleging Johnson breached the contract by performing defective work and by failing to complete the work.

After a trial, judgment was entered May 12, 2009. The trial court found the Homeowners were entitled to judgment in the amount of $41,005.42 on their counterclaim. The trial court also found Johnson was entitled to judgment in the amount of $17,726.35 on his claim.

Johnson paid all sums due to the Homeowners, who, in turn, filed a partial satisfaction of judgment acknowledging they received payment of the principal amount of $23,279.07 as well as accrued post-judgment interest through and including November 20, 2009. This appeal follows.

In their sole point, the Homeowners argue the trial court erred in entering judgments in favor of each party on their respective claims for breach of contract and in denying the Homeowners' motion to amend the judgment because Missouri law required the entry of only one judgment in favor of the Homeowners in that the parties' respective claims arose from the same contract and the greater finding was made in favor of the Homeowners. We agree.

As in all court-tried civil cases, the standard of review in this case is the one set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976): the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Martin v. Director of Revenue*, 248 S.W.3d 685, 687 (Mo.App. W.D.2008). However, if the evidence is uncontroverted, as it is in this case, and the real issue is a legal one, there is no need to defer to the trial court's judgment. *Id.*

Where separate trials were not ordered or had, there should be only one final judgment which should dispose of all parties and all issues. *White River Development Co. v. Meco Systems. Inc.*, 837 S.W.2d 327, 334 (Mo.App. S.D.1992). Moreover, in a suit at law for a money judgment where there is only one count in the petition, and only one in a counterclaim filed there can be only one judgment. *Id.* Thus, while there should be separate findings upon a plaintiffs cause of action and upon a defendant's counterclaim, one final judgment should be entered, which in the usual practice, recites the respective findings, and concludes with a judgment for the party in whose favor the greater find-

ing was made, and for a sum which represents the excess over that found for his adversary. *Id., quoting Rehm v. Fishman,* 395 S.W.2d 251, 255 (Mo.App.1965).

In this case, the trial court found the Homeowners were entitled to judgment in the amount of $41,005.42 on their counterclaim, and the trial court also found Johnson was entitled to judgment in the amount of $17,726.35 on his claim. Both claims were based on the same contract.

Therefore, the trial court erred in entering judgments in favor of each party on their respective claims for breach of contract and in denying the Homeowners' motion to amend the judgment. Point granted.

Rule 84.14 provides: "The appellate court shall ... give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case." Therefore, we will modify the judgment to dispose of the case. The judgment reflected a finding in favor of the Homeowners on the issues in their counterclaim for breach of contract against Johnson and assessed damages thereon in the amount of $41,005.42; and moreover the judgment reflected a finding in favor of Johnson on the issues in its claim and assessed damages thereon in the amount of $17,726.35. Therefore, we now modify the judgment so that it is shown to have been entered in favor of the Homeowners and against Johnson for the difference between the amounts of damages allowed. Specifically, Johnson shall be ordered to pay the Homeowners $23,279.07.

The judgment of the trial court is affirmed as modified.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.